UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA WEATHERSPOON AND PEGGY B. LANDRY | CIVIL ACTION |
| VERSUS | NUMBER 08-367-RET-DLD |
| CHARTER HOME HEALTH, L.L.C., ET AL. | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion for remand, which has been referred to the undersigned for a report and recommendation (rec. doc. 31). The motion to remand is opposed. The issue before the court is whether the court should exercise supplemental jurisdiction over plaintiffs' remaining state law claims in light of the fact that all of plaintiffs' federal law claims have been dismissed.

### Background

Plaintiffs are former employees of defendant Charter Home Health, L.L.C. (Charter). In connection with their employment, Charter provided health, life, and disability insurance to plaintiffs, through defendants Colonial Life & Accident Insurance Company (Colonial) and Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (Blue Cross) (rec. doc. 1-2). Plaintiffs allege that upon information and belief, Charter neglected to pay the premiums for plaintiffs' insurance policies, which resulted in plaintiffs' health, life, and disability insurance being cancelled on or about November 2007. Plaintiffs further allege that Charter continued to deduct the premiums from plaintiffs' paychecks until plaintiffs terminated employment with Charter even though it failed to tender the insurance premiums to the defendant insurance companies. Plaintiffs learned

that their insurance policies had been cancelled when they began to receive bills for medical treatment due to lack of insurance coverage.

As a result of plaintiffs' insurance policies being cancelled and the resulting uncovered medical expenses incurred by plaintiffs, on June 13, 2008, plaintiffs filed suit against defendants Charter, Colonial, and Blue Cross in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 1-2). Plaintiffs allege that "as the administrator of a group health insurance and disability/life insurance policy, Charter acted as an agent of Blue Cross and Colonial such that it's omission, in neglecting to pay petitioners' premiums such that coverage would continue, is attributable to Blue Cross and Colonial" Id.  Plaintiffs seek damages in the form of past, present, and future medical expenses; loss of health, disability, and life insurance coverage; detriment to petitioners' credit; mental anguish and suffering, and intentional infliction of emotional distress.  Id. Additionally, plaintiffs seek to have their coverage under all policies of insurance reinstated and seek penalties, attorney's fees, legal interest, and costs. Id.

On June 20, 2008, defendant Blue Cross removed this matter based on federal question jurisdiction, 28 U.S.C. §1331.  Defendant concludes, without explanation or support, that plaintiffs allege a claim for "health insurance benefits under the employee health benefit plan of Charter Home Health, L.L.C.," which plan is an "employee welfare benefit plan" within the meaning of Section 3(1), 29 U.S.C. §1002(1), of the Employee Retirement Income Security Act of 1974 ("ERISA").  Further, defendant concludes that plaintiffs' claim for benefits arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C.

§1132(a)(1)(B), and is completely preempted by ERISA.[1]  Plaintiffs did not challenge the grounds for removal (rec. doc. 31-1, p.1).

Thereafter, defendants filed answers to plaintiffs' petition, filed their status report and engaged in discovery.  The parties filed several motions to quash certain depositions and twice requested an extension of the discovery deadline in order to complete discovery (rec. doc. 22 and 26). The discovery deadline expired on November 11, 2009 (rec. doc. 26).  On October 22, 2009, plaintiffs and defendant Blue Cross filed a motion to dismiss all claims against Blue Cross, without prejudice, reserving plaintiffs' rights against defendants Charter and Colonial, which was granted on October 26, 2009 (rec. doc. 28). On January 29, 2010, Colonial filed a motion for summary judgment, which has been opposed, but has not been ruled on by the District Judge.  All pretrial deadlines have expired.   On June 18, 2010, plaintiffs filed a motion to remand based on the dismissal of the federal claims against Blue Cross (rec. doc. 31), which is opposed and is now before the court for a report and recommendation.

**Arguments of Parties**

Plaintiffs move the court to decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims (breach of contract, loss of credit reputation) and to remand this matter because all of their federal claims against Blue Cross have been dismissed (rec. doc. 31). Moreover, plaintiffs contend that because diversity of citizenship does not exist, the court cannot exercise diversity jurisdiction over this matter.[2]  Plaintiffs

---

[1] The policies issued by Colonial Life & Accident Insurance Company were individual policies, not group policies (rec. doc. 29-2).

[2] Plaintiffs allege that they are citizens of Louisiana and defendant Charter is a Louisiana limited liability company, with a Louisiana resident as its registered agent (rec. docs. 1-2, 8). Although the citizenship of a limited liability company is determined by the residency of its members, which is not properly set forth in the

represent that this matter is in the early stages of litigation, that discovery is ongoing, and that a trial date has not been set; therefore, the parties would not be prejudiced if this matter were remanded to state court.  Additionally, plaintiffs suggest that the state law claims could be adjudicated by the state district court without prejudice or delay because the parties are likely to benefit by obtaining an earlier trial date in state court.

Defendants Charter and Colonial respond by arguing that although the federal claims against Blue Cross were dismissed, this court should retain jurisdiction over this matter by exercising supplemental jurisdiction over plaintiffs' state law claims (rec. docs. 32 and 37).  Defendants contend that it would be improper for the court to remand this matter due to the time and resources that have been expended in federal court. Defendants argue that this action has been pending in federal court for approximately two years, dispositive motions have been filed, and although the discovery deadline has been informally extended based on an agreement between the parties, only one deposition remains to be taken.  Defendants suggest that if this matter were remanded, the parties would have to set new pretrial deadlines, which would preclude them from obtaining an immediate trial date.

### **Law on Jurisdiction**

When a defendant removes a case to federal court based on the presence of a federal claim and the court exercises supplemental jurisdiction over the state law claims, the subsequent dismissal of the federal claim does not divest the court of supplemental jurisdiction over the remaining state law claims.  *Knatt v. Hospital Service Dist. 1 of East*

---

petition or answer, the court will accept that Charter is a Louisiana citizen since it is undisputed.  Plaintiffs and Charter Home Health are both residents of Louisiana; therefore, the court cannot exercise diversity jurisdiction over the remaining claims (rec. doc. 31).

*Baton Rouge Parish,* 373 Fed. Appx. 438 (5th Cir. 2010), citing *Carlsbad Tech*, – U.S. –, 129 S.Ct. 1862, at 1867, 173 L.Ed. 2d 843 (2009). It is within the court's discretion, however, to decline to exercise supplemental jurisdiction over the remaining state law claims. Id.; see also 28 U.S.C. §1367(c)(3). In deciding whether to exercise supplemental jurisdiction over state law claims under 28 U.S.C. §1367, the court considers the relevant statutory provisions governing the exercise of supplemental jurisdiction, 28 U.S.C. §1367(c), as well as the common law factors of judicial economy, convenience, fairness, and comity. See *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.,* 554 F.3d 595 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217 (5th Cir. 1999), *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-351, 108 S.Ct. 614, 98 L.Ed. 2d 720 (1988) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Section 1367(c) provides as follows:

> c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> 28 U.S.C. §1367(c).

The Fifth Circuit has stated that "it is our 'general rule' that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Loyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir.2006); See also *Brookshire*, 554 F.3d at 602, citing *Batiste*, 179 F.2d at 227.

A court is deemed to have abused its discretion under 28 U.S.C. §1367 in declining to exercise supplemental jurisdiction over remaining state law claims following the dismissal of federal law claims, however, when a significant amount of judicial resources have been invested in the case. See Batiste, 179 F.2d at 227-228

### Discussion

Assuming this matter was properly removed based on federal question jurisdiction, the dismissal of plaintiffs' federal law claims against Blue Cross does not eliminate the basis for federal subject matter jurisdiction that was present at the time of removal.  The court, however, has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims in light of the dismissal of the federal law claims. See 28 U.S.C. §1367(c)(3).  Thus, the court considers the circumstances of this case as applied to the relevant factors in determining whether it will exercise supplemental jurisdiction over plaintiffs' state law claims.

This matter has been pending in this court for a little over two years.  During this time, however, the court has not considered or ruled upon any substantive issues in the case.  Thus, the court has not invested time and resources in analyzing the merits of this matter. Defendant Colonial recently filed a motion for summary judgment, which has been opposed, but has not been considered or ruled upon by the District Judge.  A review of the motion for summary judgment indicates that it involves issues of state law, and there is no reason to believe that the parties could not refile the motion for summary judgment in state court, without having to rebrief the issues, if this matter were remanded.

During the pendency of this matter, the parties have been engaged in discovery, which has only minimally involved the court.  The discovery conducted and the information

and evidence obtained through discovery while in this court will be equally beneficially to the parties if the case is remanded to state court.  Moreover, both parties agree that the discovery deadline has been informally extended and that discovery is not complete.  Thus, this matter is not ready to be set for trial.  When the parties have completed discovery and this matter is ready to be set for trial, plaintiffs represent that they parties would be able to obtain a faster trial date in state court, and defendants represent that the parties would be able to obtain a faster trial date in this court.  Without more information, the court has no way of knowing which forum would lend itself to a faster trial date, so this information does not weigh in favor of or against remand.

Of greatest concern is the fact that this court must have had subject matter jurisdiction at the time of removal in order to exercise supplemental jurisdiction over plaintiffs' remaining state law claims once the federal claims are dismissed.  The removing party, Blue Cross had the burden of establishing that a federal question exists at the time of removal.  *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).  Defendant's notice of removal contains only conclusory allegations supporting federal question jurisdiction under ERISA.  Although none of the other parties objected to removal on federal question grounds, subject matter jurisdiction cannot be conferred by consent, agreement, or conduct of the parties.  *Gasch v. Hartford Acc. & Indem. Co.,*, 491 F.3d 278 (5th Cir. 2007); *Coury v. Prot*, 85 F.3d 244 (5th cir. 1996).  Plaintiffs' petition seeks to have their employer (Charter) held to be an agent of the two insurers and to have their policies reinstated due to the fact that payment of the premiums to their employer constituted payment to the insurers.  The parties do not dispute the terms of the insurance policies, but only whether the policies were properly cancelled.  Despite being given several opportunities, none of

the remaining defendants (Charter and Colonial) have proven how these claims constitute issues of federal, as opposed to state law, and support federal question jurisdiction over this matter.

In conclusion, although this case has been pending for a considerable amount of time in this court, the court has not invested substantial time or resources in this matter, which militates in favor of following the Fifth Circuit's general rule of declining to exercise supplemental jurisdiction over state law claims. Additionally, the parties merely assumed without really addressing the existence of federal question jurisdiction over plaintiffs' claims, which was a necessary prerequisite to the exercise of supplemental jurisdiction upon the dismissal of plaintiffs' purported federal claims. The court in its discretion, therefore, declines to exercise supplemental jurisdiction over plaintiffs' state law claims. Thus, it is the recommendation that plaintiffs' motion to remand should be granted. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 31) should be **GRANTED,** and that this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on October 19, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA WEATHERSPOON AND PEGGY B. LANDRY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-367-RET-DLD** |
| **CHARTER HOME HEALTH, L.L.C., ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 19, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**